```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  JACKSONVILLE DIVISION
```

BRADFORD A. SHELDON,

        Plaintiff,

v.                           Case No. 3:20-cv-898-J-39PDB

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

    Plaintiff, Bradford A. Sheldon, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.) with exhibits (Docs. 1-2 through 1-9; Exs. A-H) and a motion to proceed as a pauper (Doc. 2). Plaintiff names eighteen Defendants, including the Florida Department of Corrections (FDOC) and Columbia Correctional Institution (CCI), where the incidents of which Plaintiff complains occurred.

    Plaintiff complains the following conduct violated his rights under the First, Fourth, Fifth, and Eighth Amendments: Defendant Assistant Warden Paul Allen "assaulted and battered" him on February 19, 2019 at CCI; administrators at both CCI and central office, including Defendants FDOC, CCI, Inch, Godwin, Herring, Washington, Lucas, White, Lewis, and Williams, ignored his grievances and complaints of reprisal by staff; Defendants Williams, Nelson, Atwell, Morris, Lewis, Law, and Duffee deprived

him of his personal property or placed him on strip status for three days; Defendant Nelson refused him meals on two days in April 2019; Defendants Willis and Neel retaliated against him by failing to bring him to a scheduled medical appointment for a blood draw on April 12, 2019; and Defendants Williams and Lewis retaliated against him by filing a false disciplinary report.[1] See Exs. C, D, E. Plaintiff has since been transferred to a different correctional institution. See Ex. E at 4-5.

Plaintiff contends Defendants' conduct caused him to suffer emotional trauma, which required him to attend three mental health sessions. See Compl. at 5. He does not contend he suffered physical injuries, nor does he assert a request for relief. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the

---

[1] Plaintiff notes he initiated a mandamus action in state court challenging the alleged false disciplinary report. See Compl. at 9; Ex. E at 5. According to his mandamus petition, Plaintiff was found guilty on April 19, 2019, and sentenced to 30 days in confinement. See Leon County Clerk of the Circuit Court and Comptroller, Court Case Search, available at https://cvweb.leonclerk.com/public/online_services/search_courts/process.asp (last visited September 28, 2020).

same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

3

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. See also Bingham, 654 F.3d at 1175.

First, Plaintiff names as Defendants entities not considered "persons" under § 1983—the FDOC, CCI, and Defendant Inch, whom Plaintiff names solely in his official capacity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding a suit against an official sued in his official capacity is essentially a suit against the State, which is not a "person[] under § 1983"); Gardner v. Riska, 444 F. App'x 353, 355 (11th Cir. 2011) ("As the DOC is a state agency, and thus not a person within the meaning of § 1983, [Plaintiff's] § 1983 claim for damages against the DOC is frivolous.").

Second, Plaintiff does not connect alleged wrongdoing by each Defendant to the constitutional amendments he claims Defendants violated. Plaintiff merely lists constitutional amendments one, four, five, and eight without explicitly stating which Defendant(s) violated a constitutional right guaranteed under those amendments. See Ex. C.

4

Liberally construing Plaintiff's complaint, it appears he seeks to pursue a claim under the Eighth Amendment against the following Defendants for the following conduct: Defendant Allen for an alleged assault or battery; Defendants Williams, Lewis, Nelson, and Duffee for placing Plaintiff on strip status; Defendant Nelson for refusing Plaintiff food; Defendants Willis and Neel for refusing to take Plaintiff to a medical appointment; and Defendant Law for threatening Plaintiff.

To state a claim that his conditions of confinement violated the Eighth Amendment, a prisoner must allege the prison official was deliberately indifferent to conditions that were "sufficiently serious." Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004). Conditions of confinement are sufficiently serious under the Eighth Amendment only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." Id. at 1289. Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. Id.

The Eleventh Circuit has expressly held a prisoner who alleges he was placed on seventy-two-hour strip status and provided only boxers fails to state a claim under the Eighth Amendment. See Woodson v. Whitehead, 673 F. App'x 931, 932 (11th Cir. 2016) ("Confinement without clothing (other than boxers), bedding, or hygienic materials for 72 hours during the months of April and August in Florida is not the type of extreme prison condition[]

that create[s] a substantial risk of serious harm."). See also O'Connor v. Kelley, 644 F. App'x 928, 932 (11th Cir. 2016) (holding the prisoner failed to state the conditions of his confinement were cruel and unusual when he was placed on strip status for weeks).

Unkind acts, even if done out of anger, do not constitute "cruel and unusual punishment" under the Eighth Amendment. That is, not "every malevolent touch" by a prison official constitutes a malicious and sadistic use of force. Hudson v. McMillian, 503 U.S. 1, 10 (1992). To establish a violation of the cruel and unusual punishment clause, a plaintiff must allege "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). De minimis uses of physical force, even if unnecessary, do not violate the Eighth Amendment provided the force is not "of a sort repugnant to the conscience of mankind." Hudson, 503 U.S. at 10 (quoting Whitley, 475 U.S. at 327). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. at 9 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

A claim for deliberate indifference to an inmate's health or safety is cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, to state a cause of action, a plaintiff must "allege that the prison official, at a minimum, acted with a

6

state of mind that constituted deliberate indifference." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (describing the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence").

As to Defendant Allen's conduct, Plaintiff explains: "Assistant Warden Paul Allen stood over me, while I was seated, and forcefully poked his index finger into my upper right arm/shoulder." See Ex. H at 5. Defendant Allen's conduct cannot be characterized as that which is repugnant to the conscience of mankind. Merely touching an inmate, even if "forcefully," is not per se an Eighth Amendment violation. Plaintiff describes what amounts to a de minimis use of force that did not cause him to suffer physical injury. Even if Defendant Allen's conduct is actionable as a battery under state law, Plaintiff fails to allege a constitutional violation.

As to Defendants who placed Plaintiff on strip status, Plaintiff fails to state a plausible claim for relief because the Eleventh Circuit has held conditions such as those of which Plaintiff complains do not amount to an Eighth Amendment violation. See Woodson, 673 F. App'x at 932; O'Connor, 644 F. App'x at 932.

An Eighth Amendment claim against Defendant Law fails because allegations of threats and intimidation do not suffice. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir.

7

2008) ("[V]erbal abuse alone is insufficient to state a constitutional claim.").

As to Plaintiff's allegation that Defendant Nelson denied him four meals, Plaintiff does not allege that missing those meals caused him physical harm or threated his health. Thus, he does not state a plausible Eighth Amendment claim against Defendant Nelson. See id. (affirming dismissal of the plaintiff's claim that prison officials denied him lunch five days a week for five months because "he did not allege a deprivation that posed an unreasonable risk of serious damage to his health").

As to Plaintiff's allegation that Defendants Willis and Neel refused to take him to one medical appointment for a blood draw (for hepatitis C), Plaintiff does not allege Defendants knew Plaintiff had a serious medical need. Thus, Plaintiff asserts no facts permitting the reasonable inference Defendants acted with a state of mind constituting deliberate indifference. Additionally, Plaintiff fails to allege his medical condition worsened or otherwise was negatively impacted by his inability to have his blood drawn on the day in question.

Plaintiff also fails to assert a plausible claim for relief under the Fourth Amendment against any Defendant. To the extent Plaintiff believes he is being "unreasonably detained," see Ex. C, he may not seek relief in a civil rights action. A prisoner who challenges the fact or duration of his conviction and sentence

8

should pursue such relief in a habeas corpus action. See Heck v. Humphrey, 512 U.S. 477, 481 (1994).

Plaintiff's Fifth Amendment claim is subject to dismissal because the Fifth Amendment governs the conduct of federal actors, not state actors. See Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989) ("The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law."). Plaintiff sues state actors, not federal actors.

To the extent Plaintiff's allegations related to his disciplinary charges and lack of response to his grievances can broadly be construed as asserting due process violations under the Fourteenth Amendment, his claims fail. Notably, Plaintiff does not allege he was denied due process during his disciplinary hearing.[2] Moreover, to the extent Plaintiff challenges the loss of good-time credits due to incurring allegedly false disciplinary charges, such an action would be barred because a ruling in Plaintiff's favor "would necessarily imply the invalidity" of the underlying

---

[2] Of note, a grievance response details that Plaintiff was in fact afforded due process at his disciplinary hearing. See Ex. H at 24. Plaintiff was "afforded the opportunity to participate in the investigation of [the] charge, [and] to call evidence or witness[es]." Id. The grievance responder noted the evidence presented "clearly indicate[d] that [Plaintiff] committed [the] infraction" with which Defendant Williams charged him. Id.

9

conviction. Heck, 512 U.S. at 486-87 (holding a plaintiff seeking monetary relief under § 1983 for an unlawful conviction or sentence must demonstrate the conviction or sentence was reversed or invalidated). See also Edwards v. Balisok, 520 U.S. 641, 646 (1997) (recognizing the Heck bar applies to a prisoner's claim that he was wrongly deprived of good-time credits). Plaintiff does not allege the disciplinary charges have been expunged or overturned. Indeed, it is clear they have not been given he has filed a mandamus action in state court, which remains pending.

To the extent Plaintiff simply believes prison officials, in conducting his disciplinary hearing, did not follow provisions of the Florida Administrative Code or internal prison policies, such conduct is not a federal constitutional violation. See, e.g., Hilderbrandt v. Butts, 550 F. App'x 697, 700 (11th Cir. 2013) ("Federal due process does not require that state prison officials strictly comply with administrative regulations governing disciplinary hearings in the prison setting." (quoting O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011))).

With respect to those Defendants Plaintiff asserts either ignored his grievances or did not satisfactorily respond to his grievances, Plaintiff does not state a viable claim for relief. Plaintiff alleges he reported to Defendants Godwin, Herring, Lucas, Lewis, and White that he was "being subject to reprisal" by officers in the form of property deprivation, threats and verbal

10

abuse, the denial of recreation time and meals, and having false disciplinary charges brought against him. See Ex. D at 2-3; Ex. E at 2-4. Plaintiff claims Defendants ignored him. Plaintiff also says he alerted the grievance coordinator, Defendant Washington, of Defendant Allen's assault and battery, though he received no response. See Ex. D at 2.

"An inmate has no constitutionally-protected liberty interest in access to [the grievance] procedure." Bingham, 654 F.3d at 1178 (finding the district court did not "abuse[] its discretion in dismissing [the plaintiff's] claim that the prison's grievance procedures were inadequate"). See also Charriez v. Sec'y, Fla. Dep't of Corr., 596 F. App'x 890, 895 (11th Cir. 2015) (holding the district court properly found the plaintiff failed to state a claim where he alleged the defendants did not "take corrective action" in response to his grievance appeal); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (holding the plaintiff failed to state a plausible claim because he merely "alleged that his prison grievances were either ignored or wrongly decided or that prison officials did not properly follow the prison's own grievance procedures"). Because Plaintiff's claims against Defendants Godwin, Herring, Lucas, Lewis, White, and Washington are premised solely on his reporting to them past abuses by CCI staff members, those claims fail.

To the extent Plaintiff seeks to assert a due process claim against some Defendants for the deprivation of his personal property, his claim fails. A negligent or intentional deprivation of personal property does not constitute a Fourteenth Amendment due process violation "if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff has an adequate postdeprivation remedy available to him under state law: he can sue the officers for theft or conversion. See Fla. Stat. § 772.11(1). See also Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's civil cause of action for conversion provides an adequate postdeprivation remedy when law enforcement officers seize or retain personal property).

As to the alleged First Amendment retaliation claims, Plaintiff repeats in rote fashion that Defendants Williams, Willis, Neel, Godwin, Herring, Lucas, Lewis, White, and Law "actively participat[ed] in the systematic retaliation" against Plaintiff. See, e.g., Ex. D; Ex. E. Plaintiff also says Defendant Morris "abused his position as a prison official by retaliating against [Plaintiff]." See Ex. D at 3. With regard to these Defendants, Plaintiff does not support his self-serving claim of retaliation with factual detail. In other words, Plaintiff asserts no facts showing a causal connection between his protected speech (filing grievances) and alleged disciplinary action. For instance, Plaintiff does not allege these Defendants expressly told him that

12

disciplinary action was being taken against him because he submitted grievances. Cf. Stallworth v. Wilkins, 802 F. App'x 435, 440 (11th Cir. 2020) (holding the plaintiff alleged a causal connection because he said the prison officials told him their conduct was motivated by their displeasure with the plaintiff's grievances).

Moreover, to the extent Plaintiff asserts Defendants Williams and Lewis filed false disciplinary charges against him out of retaliation, see Ex. D at 1, 3, his claim is not plausible because he was found guilty of those disciplinary charges. See O'Bryant, 637 F.3d at 1215 ("[A] prisoner cannot maintain a retaliation claim when he is convicted of the actual behavioral violation underlying the alleged retaliatory false disciplinary report.").

On the other hand, Plaintiff arguably does provide factual detail for his claim of retaliation against Defendant Atwell. In a February 26, 2019 grievance, Plaintiff complained that he asked Defendant Atwell for the return of his personal property, and Atwell told him, "You snitched to Tallahassee[.] [Y]ou ain't getting shit." See Ex. H at 9.[3] It is unclear whether Defendant

---

[3] In a grievance Plaintiff submitted on April 17, 2019, he said Defendants Williams, Nelson, and Duffee "acted in unison to conduct retaliation . . . for his good faith use of the grievance process." See Ex. H at 19. Plaintiff also says someone told him, "You are not on the list [for recreation] and you never will be." Id. However, Plaintiff does not say which Defendant, if any, said this to him, and unlike the comment Defendant Atwell allegedly made, this comment does not reference Plaintiff's grievance-

13

Atwell had the authority to return Plaintiff's personal property to him. Regardless, assuming Plaintiff states a plausible First Amendment retaliation claim against Defendant Atwell, Plaintiff would be entitled to seek only nominal damages under the PLRA because he claims to have suffered only emotional trauma. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.").

To be entitled to nominal damages, however, a plaintiff must make such a request. Plaintiff seeks absolutely no relief in his complaint—nominal or otherwise—and the Court will refrain from fashioning a request for relief on Plaintiff's behalf.[4] See Rager

---

writing as the impetus for the officers' actions. Thus, like his complaint allegations, these assertions are self-serving and fail to provide the causal nexus to state a plausible First Amendment claim against Defendants Williams, Nelson, and Duffee.

[4] Based on the grievances and other documentation Plaintiff provides, it appears he seeks only a declaration that Defendants violated his rights, or he seeks to have criminal or employment sanctions imposed against them. See Ex. H at 4, 9, 17, 19, 21, 23, 25. Plaintiff's implicit request for declaratory relief is moot because he is no longer housed at CCI. See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) ("[A]n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." (quoting Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985))). Additionally, district courts cannot initiate criminal actions and generally will not interfere in matters of prison administration.

v. Augustine, 760 F. App'x 947, 953 (11th Cir. 2019), cert. denied, 140 S. Ct. 2644 (2020) (affirming the district court's sua sponte dismissal of the plaintiff's First Amendment retaliation claim because the plaintiff alleged no physical injury and did not request relief the court could grant, such as nominal damages).

Accordingly, it is now

**ORDERED**:

1. This case is **DISMISSED without prejudice** subject to Plaintiff's right to initiate a new action to set forth any viable claims he may have.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to initiate a new action, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of October 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Bradford Sheldon

15